IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GRANT PRIDECO, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:09-cv-2721 |
| | § | |
| HDD ROTARY SALES, LLC and | § | **JURY TRIAL DEMANDED** |
| SUPERIOR DRILLPIPE | § | |
| MANUFACTURING, INC., | § | |
| | § | |
| Defendants. | § | |

### DEFENDANT HDD ROTARY SALES, LLC'S
### ORIGINAL ANSWER AND COUNTERCLAIM

Defendant, HDD Rotary Sales, LLC ("HDD"), answers Plaintiff Grant Prideco, L.P. ("Grant")'s Original Complaint as follows:

### PARTIES

1.     HDD lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 1, and therefore denies them.

2.     HDD admits the allegations of paragraph 2.

3.     HDD lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 3, and therefore denies them.

### JURISDICTION AND VENUE

4.     The allegations of paragraph 4 set forth legal conclusions to which no response is required.  HDD admits that this action invokes the United States patent laws, and that this Court has subject matter jurisdiction over patent law claims.  HDD also admits that this Court has personal jurisdiction over HDD.  To the extent the allegations of paragraph 4 are directed to

other entities, HDD lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies them.

5.      HDD admits the allegations of paragraph 5 insofar as those allegations are directed against HDD.  To the extent the allegations of paragraph 5 are directed to other entities, HDD lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies them.

6.      HDD admits that venue is proper in the Southern District of Texas for purposes of this lawsuit.  HDD admits that it resides in the Southern District of Texas.  To the extent the allegations of paragraph 6 are directed to other entities, HDD lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies them.

## FACTUAL BACKGROUND

7.      On information and belief, HDD admits that Plaintiff Grant is known as a manufacturer and seller of drill pipe, drill pipe connections and other tubular products.  As for the remaining allegations of paragraph 7, HDD lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies them.

8.      On information and belief, HDD admits the allegations of paragraph 8.

9.      HDD denies the allegations of paragraph 9.

10.     HDD admits that the records of the United States Patent & Trademark Office ("USPTO") available to the public on the USPTO's Internet website, reflect that Plaintiff Grant is the owner by assignment of U.S. Trademark Registration No. 2466236 for the mark XT®, that the goods and services listed for the mark are "threaded metal drill pipe connections used on metal drill pipe for the drilling of oil and gas well and other earth boreholes", and that the mark was registered on July 3, 2001.  HDD denies the remaining allegations of paragraph 10.

11.     HDD admits the allegations of paragraph 11.

12.     HDD admits that the records of the United States Patent & Trademark Office ("USPTO") available to the public on the USPTO's Internet website, reflect that Plaintiff Grant is the owner by assignment of U.S. Patent No. 5,908,212 ("the '212 patent") issued on June 1, 1999, entitled "ULTRA HIGH TORQUE DOUBLE SHOULDER TOOL JOINT."   On information and belief, HDD admits that the '212 patent appears to concern an ultra high torque double shoulder tool joint for use in well drilling services.   HDD denies the remaining allegations of paragraph 12.

13.     HDD admits that a true and correct copy of the '212 patent is found within Exhibit B to the Plaintiff's Original Complaint.   HDD notes, however, that Exhibit B to the Complaint also contains a Reexamination Certificate for U.S. Patent No. 4,978,146.   HDD therefore denies that Exhibit B is a true and correct copy of the '212 patent.

14.     HDD admits the allegations of the first sentence of paragraph 14.   With regard to the second sentence of paragraph 14, HDD admits that it sold a connection called the MXT in the past, but denies that it continues to sell such connection.   HDD denies the remaining allegations of paragraph 14.

15.     HDD admits that it competes and advertises in the threaded metal drill pipe connection industry, an industry in which Plaintiff Grant also competes and advertises.   HDD also admits that paragraph 15 contains a section of an out-of-date HDD brochure.   HDD denies the remaining allegations of paragraph 15.

16.     With regard to the allegations of paragraph 16, HDD admits that it manufactured and sold MxT connections, but denies that in so doing it infringed any valid and enforceable claims of the '212 patent.

17.     HDD denies the allegations of paragraph 17.

18.     HDD denies the allegations of paragraph 18.

19.     Because the allegations of paragraph 19 are directed to another entity, HDD lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies them.

20.     Because the allegations of paragraph 20 are directed to another entity, HDD lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies them.

21.     Because the allegations of paragraph 21 are directed to another entity, HDD lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies them.

22.     Because the allegations of paragraph 22 are directed to another entity, HDD lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies them.

**COUNT ONE – PATENT INFRINGEMENT OF THE '212 PATENT AGAINST HDD**

23.     HDD incorporates by reference its responses stated above in paragraphs 1 – 22.

24.     With regard to the allegations of paragraph 24, HDD admits that it manufactured, offered to sell and sold MxT well pipe connections, but denies that in so doing it infringed any valid and enforceable claims of the '212 patent.  HDD denies the remaining allegations of paragraph 24.

25.     HDD admits it presently has knowledge of the existence of the '212 patent.  HDD denies the remaining allegations of paragraph 25.

26.     HDD denies the allegations of paragraph 26.

27.     HDD denies the allegations of paragraph 27.

## COUNT TWO – PATENT INFRINGEMENT OF THE '212 PATENT AGAINST SDM

28.     HDD incorporates by reference its responses stated above in paragraphs 1 – 27.

29.     Because the allegations of paragraph 29 are directed to another entity, HDD lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies them.

30.     Because the allegations of paragraph 30 are directed to another entity, HDD lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies them.

## COUNT THREE – TRADEMARK INFRINGEMENT AGAINST HDD

31.     HDD incorporates by reference its responses stated above in paragraphs 1 – 30.

32.     HDD denies the allegations of paragraph 32.

33.     HDD denies the allegations of paragraph 33.

34.     HDD denies the allegations of paragraph 34.

35.     HDD denies the allegations of paragraph 35.

36.     HDD denies the allegations of paragraph 36.

37.     HDD denies the allegations of paragraph 37.

## COUNT FOUR – VIOLATION OF TEXAS ANTI-DILUTION STATUTE AGAINST HDD

38.     HDD incorporates by reference its responses stated above in paragraphs 1 – 37.

39.     HDD denies the allegations of paragraph 39.

40.     HDD denies the allegations of paragraph 40.

41.     HDD denies the allegations of paragraph 41.

42.     HDD denies the allegations of paragraph 42.

### COUNT FIVE – UNFAIR COMPETITION UNDER TEXAS STATE LAW AGAINST HDD

43.     HDD incorporates by reference its responses stated above in paragraphs 1 – 42.

44.     HDD denies the allegations of paragraph 44.

45.     HDD denies the allegations of paragraph 45.

46.     HDD denies that Plaintiff Grant is entitled to any award of damages, exemplary damages or attorneys fees as sought by Grant in paragraph 46.

### COUNT SIX – REQUEST FOR INJUNCTION AGAINST HDD

47.     HDD denies that Plaintiff Grant is entitled to any injunction as sought by Grant in paragraph 47.

48.     HDD denies that Plaintiff Grant is entitled to any injunction as sought by Grant in paragraph 48.

### COUNT SEVEN – REQUEST FOR INJUNCTION AGAINST SDM

49.     Because the relief sought by Plaintiff Grant in paragraph 49 is directed to another entity, HDD lacks knowledge or information sufficient to form a belief about the merits of the request, and therefore denies it.

### JURY REQUESTED

50.     Paragraph 50 of the Plaintiff Grant's complaint is a request for trial by jury to which no response is required.

### RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

51.     The Plaintiff's prayer for relief does not require a response.

52.     HDD denies each and every allegation of Plaintiff Grant's Original Complaint not heretofore admitted, alleged, or denied and further denies that Plaintiff Grant is entitled to any

relief whatsoever from HDD on the basis of any of the purported claims for relief contained in the Original Complaint.

## AFFIRMATIVE DEFENSES

In addition to its responses above, HDD asserts the following defenses.  By alleging such defenses, HDD does not thereby concede or admit that it bears the burden of proof on any matter or element related to any of the defenses asserted.  Furthermore, HDD reserves the right to assert additional affirmative defenses as may be warranted as this action progresses.

## FIRST DEFENSE

53.    Plaintiff's claims are barred because HDD does not infringe and has not infringed (not directly, contributorily, or by inducement) any valid and enforceable claim of the '212 patent.

## SECOND DEFENSE

54.    Plaintiff's claims are barred because the claims of the '212 patents are invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including, without limitation, sections 101, 102, 103, and/or 112.

## THIRD DEFENSE

55.    Plaintiff's claims are barred because the '212 patent is unenforceable due to the applicant's inequitable conduct during the prosecution of the '212 patent.  More specifically, on information and belief, the applicant made an affirmative misrepresentation of material fact about the scope and import of relevant and material prior art, with an intent to mislead or deceive the USPTO.

**FOURTH DEFENSE**

56.     Plaintiff's claim for damages, if any, against HDD for alleged infringement of the '212 patent are limited by 35 U.S.C. §§ 286 and 287.

**FIFTH DEFENSE**

57.     Any and all products or actions accused of infringement have substantial uses that do not infringe and do not induce or contribute to the alleged infringement of the claims of the patents-in-suit.

**COUNTERCLAIMS OF HDD ROTARY SALES, LLC AGAINST PLAINTIFF**

HDD Rotary Sales, LLC ("HDD") counterclaims against Plaintiff Grant as follows:

**PARTIES**

58.     "HDD" as used in these counterclaims means HDD Rotary Sales, LLC.

59.     HDD is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business at 3303 West Davis, Suite 100, Conroe, Texas 77034.

60.     Plaintiff Grant has alleged that it is a Delaware limited partnership with its principal place of business at 7909 Parkwood Circle Drive, Houston, Texas  77036.

**JURISDICTION AND VENUE**

61.     This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the United States Patent Act, 35 U.S.C. § 1, *et seq.*  HDD requests a judicial declaration that (1) it does not infringe any valid and enforceable claim of the '212 patent, and (2) the '212 patent is invalid and/or unenforceable.

62.     Subject to HDD's affirmative defenses and denials, HDD alleges that this Court has jurisdiction over the subject matter of these counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338(a) and 1367.

63.     Venue for these counterclaims is proper in this district under 28 U.S.C. §§ 1391(b),(c) and 1400(b).

64.     Plaintiff has submitted to the personal jurisdiction of this Court by bringing the present action.

## COUNTERCLAIM I

**(Declaratory Judgment of Non-Infringement of the '212 Patent)**

65.     HDD incorporates what is set out in paragraphs 58 – 64 as if fully set forth herein.

66.     Plaintiff purports to be the owner of U.S. Patent No. 5,908,212 ("the '212 patent").

67.     There is an immediate and justiciable controversy between HDD and Plaintiff over the alleged infringement of the '212 patent.

68.     HDD is not infringing, and has not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid and enforceable claim of the '212 patent.

69.     HDD is entitled to a declaratory judgment that it has not and does not infringe, directly or indirectly, any valid and enforceable claim of the '212 patent.

70.     Plaintiff has also filed this action without a good faith basis for believing that HDD infringes any valid and enforceable claim of the '212 patent, making this an exceptional

case.  Consequently, Plaintiff is liable for any and all attorneys' fees, expenses, and costs incurred by HDD in connection with this action by Plaintiff.

## COUNTERCLAIM II

### (Declaratory Judgment of Invalidity of the '212 Patent)

71.     HDD incorporates what is set out in paragraphs 58 - 64 as if fully set forth herein.

72.     There is an immediate and justiciable controversy between HDD and Plaintiff over the validity of the '212 patent.

73.     The claims of the '212 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Sections 101, 102, 103, and/or 112.

74.     HDD is entitled to a declaratory judgment that the claims of the '212 patent are invalid.

## COUNTERCLAIM III

### (Declaratory Judgment of Unenforceability of the '212 Patent)

75.     HDD incorporates what is set out in paragraphs 58 - 64 as if fully set forth herein.

76.     There is an immediate and justiciable controversy between HDD and Plaintiff over the enforceability of the '212 patent.

77.     The claims of the '212 patent are unenforceable because the applicant for the '212 patent committed inequitable conduct during the prosecution of the '212 patent.  More specifically, on information and belief, the applicant made an affirmative misrepresentation of

material fact about the scope and import of relevant and material prior art, with an intent to mislead or deceive the USPTO.

78.     HDD is entitled to a declaratory judgment that the claims of the '212 patent are unenforceable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, HDD demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, HDD prays for judgment as follows:

A.     A judgment dismissing Plaintiff's complaint against HDD with prejudice;

B.     A judgment in favor of HDD on all of its counterclaims;

C.     A finding that HDD has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid and enforceable claims of the '212 patent;

D.     A finding that the '212 patent is invalid;

E.     A finding that the applicant for the '212 patent committed inequitable conduct during the prosecution of the patent, and therefore the '212 patent is unenforceable;

F.     A finding that this case is exceptional and that HDD be awarded its attorneys' fees, expenses, and costs incurred in connection with this action;

G.     Such other, further or different relief as this Court may deem just and proper.

Dated:  February 19, 2010

Respectfully submitted,

Respectfully submitted,

OF COUNSEL:

___/s/ Brian Kent Wunder_____

Jeffrey S. Bergman
SDTX ID 38409
State Bar No. 24043551
Lisa Margonis
SDTX ID  1056304
State Bar No. 24070214
Lucas T. Mikeska
SDTX ID No. 993805
State Bar No. 24062895
Osha Liang LLP
909 Fannin, Suite 3500
Houston, TX  77010
(713) 228-8600
(713) 228-8778 (Fax)
jbergman@oshaliang.com
lmikeska@oshaliang.com
lmargonis@oshaliang.com

Brian Kent Wunder
Attorney-in-Charge
SDTX ID No. 6252
State Bar No. 22086700
Osha Liang LLP
909 Fannin, Suite 3500
Houston, TX  77010
(713) 228-8600
(713) 228-8778 (Fax)
bwunder@oshaliang.com

**ATTORNEYS FOR**
**HDD ROTARY SALES, LLC**

Lee Larkin
SDTX ID No. 5152
State Bar No. 11950500
Charles Gerard Harrison
SDTX ID No. 16991
State Bar No. 00787651
Dobrowski, L.L.P.
4601 Washington Avenue, Suite 300
Houston, TX   77007
(713) 659-2900
(713) 659-2908 (Fax)
llarkin@doblaw.com
gharrison@doblaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule 5.1 on February 19, 2010.  Any other counsel of record and parties who have not appeared through counsel will be served by first class U.S. mail on this same day.

\_\_ /s/ Brian Kent Wunder_____
Brian Kent Wunder